THE STATE for use of G. M. Meek *v.* R. A. ROSE *et als.*

1. ACTION ON SHERIFF'S BOND. *Failure to return execution. Attorney's in-struction.* In an action on a sheriff's bond for a failure to return or make the money on executions issued upon a judgment recovered by the clerk of a court for the benefit of the litigants in a suit pending in the court, it is error to charge that the sheriff would not be liable at all if his default was occasioned by the instructions of the attorney of one of the parties litigant, beneficially interested in the fund in ques-tion.

2. SAME. *Same. Same. Semble:* Such a judgment is exclusively under the control of the clerk, and no attorney, except one recognized by him as entitled to act, unless indeed it be an attorney representing all the parties beneficially interested, can be allowed to interfere with the execution so as to protect the officer.

State *v.* Rose.

**3. SAME.** *Same. Same.* The question is reserved whether the defendants can in this suit, or in equity, claim exemption from liability, or protection to the extent of the interest in the fund of the litigants whose attorney did undertake to control the execution to the prejudice of the sheriff.

FROM LAWRENCE.

Appeal in error from the Circuit Court of Lawrence county. J. V. WRIGHT, Sp. J.

G. T. HUGHES for plaintiff.

ROSE & TINNON for defendants.

COOPER, J., delivered the opinion of the court.

Action against the defendants as the sureties of Jno. W. Stewart on his official bond as sheriff for his failure to make due and proper return of executions issued on a certain judgment, or to realize the money. The verdict and judgment were in favor of the defendants, and the plaintiff appealed in error.

The error relied on for reversal is in the charge of the court. On the 3d of December, 1860, a judgment was rendered by the county court, on motion, in favor of G. M. Meek, then clerk of the court, against C. H. Nicholson and others for $1,104.90, on a note given for property sold under a decree of the court in the case of *G. M. Simonton et als.* v. *Jas. M. Buchanan et als.*, and bought by Nicholson. The suit in which the sale was made was instituted by the adult distributees of Jane Simonton, deceased, against the infant distributees for a sale of slaves for division. The suit was commenced and prosecuted by the de-

fendant, R. A. Rose, as the solicitor of the plaintiffs. The executions, for the sheriff's default as to which this suit was brought, were issued on the 12th of December, 1860, the 13th of March, 1861, and the 21st of December, 1861. One of the pleas relied on in defense of the action was, that these executions were held up and returned at the special instance and request of the plaintiff. The bill of exceptions shows that proof was introduced tending to show that R. A. Rose, acting as an attorney having a right to control the judgment, had instructed the sheriff to hold up the executions. And on the execution of the 13th of March, 1861, there is this endorsement: "The within *fi. fa.* to be held up until further instruction, but the levy not to be released, or in any way disturbed by holding up the *fi. fa.* This May 5, 1861. R. A. Rose, attorney for plaintiff."

The court charged the jury that if they believed that R. A. Rose, as attorney for the plaintiff, Simonton, ordered that the executions be held up, and the sheriff, in accordance with said orders, held up the executions, then the sheriff and his sureties would not be liable. And the court refused the special request of the plaintiff to charge that any interference by any other person than G. M. Meek, the plaintiff in the judgment, or some person duly authorized by him, with the execution in the hands of the sheriff, by ordering it to be held up or otherwise, would be no excuse to the sheriff for a failure to discharge his duties under the execution, and consequently that it would not be a sufficient excuse for a part of the distribu-

tees, or their attorneys, to interfere with the execution.

The charge and refusal squarely raise the question. whether the sheriff will be protected by the intermeddling or orders of the attorney of a part of the persons beneficially entitled to the proceeds of a judgment recovered by a clerk of the court for the benefit of litigants in a pending suit. The question seems to be an open one, the decisions heretofore made relating exclusively to judgment creditors having a joint right. It has been held that a sheriff ought not to be made liable for the non-return of an execution when his failure resulted from the instruction or intermeddling of the plaintiff. *Robinson* v. *Harrison,* 7 Hum., 189; *Granberry* v. *Crosby,* 7 Heis., 579. The same rule would, no doubt, apply to any other official delinquency touching an execution occasioned by the plaintiff. It seems to be settled, also, that one of several plaintiffs in a judgment, or one of several owners of the judgment, may bind his co-plaintiff or co-owners by a receipt of payment, release, or other act, and may, consequently, protect the sheriff by his acts or instructions. *Erwin* v. *Rutherford,* 1 Yer., 169; *Clingman* v. *Barnett,* 6 Hum., 20; Freem. on Ex., sec. 442. The reason is, as put by Judge Whyte in 1 Yer., that it is a general principle of the law that when two have a joint personal interest, the release of one bars the other. *Ruddock's case,* 6 Co., 25; *Pierson* v. *Hooker,* 3 Johns, 68. The principle has been applied to the receipt of payment and release of a mortgage by one of two mortgagees. *People* v. *Key-*

State *v.* Rose.

*ser*, 28 N. Y., 226, where the authorities on the subject are largely cited and considered. It is otherwise, however, where the mortgage is given to two persons to secure to each a separate demand. *Burnett* v. *Pratt*, 22 Pick., 556. In the case of *Erwin* v. *Rutherford ut supra*, it was held that the owners of a judgment are those who are beneficially interested, and therefore that one of two persons for whose use a suit was brought and judgment recovered, might receive payment of the judgment. The reason is, that the beneficial owner of a chose in action is so far recognized, both at law and in equity, that he alone is entitled to satisfaction from a debtor having knowledge of his right.

The question remains, do the persons interested in the proceeds of a judgment recovered by the clerk of a court for the benefit of the litigants in a suit pending in his court, have "a joint personal interest" in the judgment within the rule? Clearly they do not. Their interest is not joint, but several to the extent of their respective shares of the estate or fund in litigation, as it may have been or may be ascertained by the decrees in the cause. It will often happen that one or more of the litigants having an apparent interest may prove to have none, and if the rule applied such parties would have the same control over the judgment as those actually interested, for the officer cannot be expected to know his real interest. The clerk, moreover, is not a nominal party, but an active trustee, with positive duties, and bound to collect, receive and disburse under the orders of the

State *v.* Rose.

court.   A payment to one litigant would be no protection to the officer.   Nor is it seen how the duty to execute the process which is an entirety and the liability for a default can be split up into parcels at law.   The only safe and practical rule would seem to be that the judgment is exclusively under the control of the clerk, and that no solicitor or attorney, except one recognized by him as entitled to control the process, unless indeed it be one representing all the parties beneficially interested, can be allowed to interfere with the executions so as to protect the officer.   It is enough, however, in this case, to say that the court was in error in charging that the sheriff would not be liable at all if his default was occasioned by obey-the instructions of the attorney of one of the parties. No question is raised by the record whether the sureties can, in this suit or in equity, claim exemption from liability or protection to the extent of the interest in the fund of the litigant or litigants whose attorney did undertake to control the sheriff's action, nor is the question made whether the attorney who thus acted was so recognized by the clerk as to make his act binding on that officer.

The judgment must be reversed and the cause remanded.